UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAY S. COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-00603 |
| | ) | Judge Aleta A. Trauger |
| THE METROPOLITAN GOVERNMENT | ) | |
| OF NASHVILLE AND DAVIDSON | ) | |
| COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the court is a Partial Motion to Dismiss (Docket No. 24) filed by the defendant, the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro"), to which the plaintiff, Jay S. Cohen, has filed a Response in opposition (Docket No. 28). For the reasons discussed herein, the motion will be denied.

## BACKGROUND[1]

Cohen is a 59-year-old Jewish man. He was first employed by the Nashville Fire Department in 1977, and he currently works there as a Fire Fighter 2 and EMT trainer. He is also a paramedic licensed by the State of Tennessee and credentialed by the Nashville Fire Department. Cohen is subject to civil service rules regarding promotions. The Fire Department rates employees' seniority and service, allocating "points" based on certain criteria. Employees also obtain points through other means, such as reaching a certain level of qualification as a result of tests that are administered by a third-party agency or entity.

---

[1] For purposes of this Motion to Dismiss, all allegations in the Complaint are taken as true.

1

In 2015, Cohen applied for promotions to several Fire Captain Suppression Operations positions in the Nashville Fire Department's Suppression unit.  He was not promoted.  Cohen alleges that he had all the requisite qualifications for these positions but was passed over in favor of substantially younger, non-Jewish candidates who were less qualified than he.  Metro denies that Cohen met the necessary minimum qualifications for the positions and that the promoted employees were less qualified than Cohen.  Metro claims, instead, that they promoted applicants of various ages without knowledge of the applicants' religious affiliations.  Cohen filed an internal grievance with the Nashville Fire Department, which was denied.

On June 3, 2016, Cohen filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC Charge").  The narrative portion of the EEOC Charge reads as follows:

> I was hired by the above-named employer on April 16, 1977.  I held the position of EMT Trainer/FFII.  The company employs fifteen or more employees.
>
> The company had several vacant Fire Captain Suppression Operations Positions.  On November 25, 2015 I applied for or expressed interest in the position Fire Captain Suppression Operations.  I was qualified for the position but not selected.  The employer continues to fill the jobs with younger, less seniority and lesser qualified person(s) or continued to seek applications from persons with similar qualifications.
>
> The company's explanations are in fact a pretext for discrimination against me.
>
> I believe that I am being discriminated against because of my religion (Jewish), age (58) and disability in violation of Title VII of the Civil Rights Act of 1964, as amended, the American with Disabilities Act of 2008 and the Age Discrimination in Employment Act of 1967.

Cohen later dropped the disability discrimination claim in the EOOC Charge.  The EEOC Charge was denied and, on March 16, 2017, Cohen initiated this lawsuit, alleging violations

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 ("ADEA") (Docket No. 1.) He filed an Amended Complaint on August 4, 2017 (Docket No. 19.) On August 8, 2017, Metro moved to dismiss Cohen's Title VII claim under Rule 12(b)(6), arguing that Cohen did not exhaust his administrative remedies because he did not adequately plead religious discrimination in the EEOC Charge (Docket No. 24.) On September 1, 2017, Cohen filed a Response in opposition (Docket No. 28.)

## **LEGAL STANDARD**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

## **ANALYSIS**

Before filing a Title VII or ADEA claim in federal court, a plaintiff must first file a Charge of Discrimination with the EEOC. *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). The Charge triggers an investigation, which notifies alleged wrongdoers of the plaintiff's claims and enables the EEOC to attempt to help settle the claims before litigation becomes necessary. *Id*. This requirement "is not meant to be overly rigid." *Randolph v. Ohio Dept. of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006). "Actions in federal court should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include the exact wording which might be required in a judicial pleading." *Tisdale v. Federal Exp. Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (internal quotations omitted). Rather, "the EEOC complaint should be liberally construed to encompass all claims reasonably expected to grow out of the charge of discrimination." *Randolph*, 453 F.3d at 732 (internal quotations omitted). Charges should be "liberally construed" because they are frequently prepared by laypersons unfamiliar with legal technicalities and acting without advice of counsel. *Tisdale*, 415 F.3d at 527.

Cohen adequately alleges his Title VII claim in the EEOC Charge and, therefore, the court finds that he sufficiently exhausted his administrative remedies before filing suit. In the

EEOC Charge, Cohen states that he is a member of a protected class and clearly articulates the alleged discriminatory behavior: promotion of less-qualified employees. Contrary to Metro's contention that "there is nothing in the Charge that gives the EEOC a basis to investigate or gives notice to Metro of any potential Title VII liability," it is evident from the face of the EEOC Charge that Cohen claims he was passed over for less-qualified candidates because of his Jewish faith. Cohen thus satisfies the liberal pleading standard in the EEOC Charge. His administrative remedies were therefore appropriately exhausted, and he states a cognizable claim for religious discrimination under Title VII.

In arguing that Cohen's administrative remedies have not been exhausted, Metro cites cases that are factually distinguishable. For example, in *Bass v. Metropolitan Government*, a plaintiff's federal disability discrimination claim was dismissed for failure to exhaust because the plaintiff's EEOC Charge referenced only age discrimination, made no mention of the plaintiff's disability, and did not distinguish the favored employees in any way except for age. *Bass*, #3:14-cv-1442, Doc. #34 (M.D. Tenn. Dec. 10, 2015). Cohen's EEOC Charge suffers from none of these defects: Cohen alleges religious discrimination, states that he is a member of a protected religious class, and claims that the employees promoted over him were less qualified. This clearly exhausts his administrative remedies for his pending Title VII claim.

## CONCLUSION

For the foregoing reasons, Metro's Motion to Dismiss is hereby **DENIED**.

It is so **ORDERED**.

Enter this 25th day of September 2017.

_____
ALETA A. TRAUGER
United States District Judge